**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**LAEL P.,**
**Plaintiff,**

**v.**

**Case No. 2:26-cv-832**
**Judge Edmund A. Sargus, Jr.**
**Magistrate Judge Grace M. Royalty**

**COMMISSIONER OF SOCIAL SECURITY,**
**Defendant.**

# ORDER

This matter is before the Court on Plaintiff Lael P.'s Motion to Dismiss. (ECF No. 7.) No longer wishing to pursue this appeal, Plaintiff seeks to voluntarily dismiss this action. (*Id.*) Federal Rule of Civil Procedure 41(a)(2) provides that the Court may dismiss an action at a plaintiff's request on terms that the Court considers proper. Rule 41 exists primarily to protect the defendant from unfair treatment, and dismissal is improper when the defendant would suffer plain legal prejudice as a result. *Harper v. Muskingum Watershed Conservancy Dist.*, No. 2:14-cv-2539, 2015 U.S. Dist. LEXIS 58303, at *3–4 (S.D. Ohio May 4, 2015).

In determining whether a defendant would suffer plain legal prejudice, the Court considers: "(1) how much effort and expense the defendant has expended in the matter; (2) any lack of diligence on the plaintiff's part in prosecuting the case; (3) whether the plaintiff has given sufficient explanation of her need to take a dismissal; and (4) whether the defendant has filed a motion for summary judgment." *Mark P. v. Comm'r of Soc. Sec.*, No. 2:20-cv-5478, 2022 U.S. Dist. LEXIS 111122, at *3 (S.D. Ohio June 22, 2022) (Marbley, J.).

This case is in its infancy. The only filing from Defendant thus far is the Certified Administrative Record, filed on September 2, 2026. (*See* ECF No. 5.) Therefore, Defendant has not expended significant effort or expense in this matter. There is no indication that Plaintiff has

not diligently prosecuted this action. Though Plaintiff did not provide an extensive explanation for the need to dismiss the case, she indicated that she no longer wishes to pursue the appeal. (ECF No. 7, Page ID 540.) Even if Plaintiff changed her mind and decided to refile, the "mere prospect of having to face a second lawsuit" is not the type of prejudice the Court is to consider. *See Jones v. Western Reserve Transit Auth.*, 455 F. App'x 640, 643 (6th Cir. 2012). Finally, the Commissioner has not moved for summary judgment.

Having considered the pertinent factors, the Court concludes that Defendant would not suffer plain legal prejudice from a dismissal and that the terms are proper for dismissal without prejudice. Accordingly, the Court **GRANTS** (ECF No. 7) Plaintiff Lael P.'s Motion to Dismiss. Plaintiff Lael P.'s appeal is **DISMISSED without prejudice**. The Clerk is **DIRECTED** to enter judgment and terminate this case on the Court's docket.

**IT IS SO ORDERED.**

**11/19/2026**
**DATE**

**s/Edmund A. Sargus, Jr.**
**EDMUND A. SARGUS, JR.**
**UNITED STATES DISTRICT JUDGE**